IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| MARKEL INTERNATIONAL INSURANCE COMPANY, LTD., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. G-05-491 |
| CAMPISE HOMES, INC., | § § | |
| Defendant. | § § | |

## ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT

Plaintiff Markel International Insurance Company, Ltd. ("Markel") brought this lawsuit for declaratory relief seeking construction of a certain insurance policy issued to Defendant Campise Homes, Inc. ("Campise"). Now before the Court are Parties' Cross-Motions for Summary Judgment. For the following reasons, Markel's Motion for Summary Judgement is **GRANTED**, and Campise's Motion for Summary Judgment is **DENIED**.[1]

## I. Background

Markel brings this action for a declaratory judgment that Campise is not entitled to defense from Markel for its liability in a related case now pending in state court, styled *Jean-Guy Wolfe and Monique Wolfe v. Campise Homes, Inc.*, No. 03-CV-1824 (405th Judicial Dist. Ct., Galveston County, Tex.) (the "underlying lawsuit"). The underlying lawsuit arises out of the alleged improper construction of a custom home built by Campise and purchased by Jean-Guy and Monique Wolfe (the

---

[1]The Court does not consider this Order worthy of publication. Accordingly, it has not requested and does not authorize publication.

1

"Wolfes").  In their state court pleadings, the Wolfes have alleged various causes of action against Campise, including negligence, breach of warranty, breach of contract, and violations of the Texas Deceptive Trade Practices Act.  Campise is the named insured under Commercial General Liability Policy No. 186G20897 ("CGL").  Markel is the insurer.  Campise tendered the underlying lawsuit to Markel for defense and indemnification under the CGL.  Markel denied coverage, and then filed a Complaint for Declaratory Relief in this Court, seeking declaratory judgment on the construction of the CGL.  At the Scheduling Conference on December 2, 2005, the Parties and this Court agreed that no issues of material fact remained and that this matter would be best handled by summary adjudication.  On March 30, 2006, Markel filed its Motion for Summary Judgment, asking the Court for a declaration that it owes no duty of defense to Campise.  On March 31, 2006, Campise filed its Motion for Summary Judgment, asking the Court for a declaration that Markel has both a duty of defense and a duty to indemnify the underlying lawsuit.  Both Motions are now properly before the Court for consideration.

## II.  Summary Judgment Standard

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  *See* FED. R. CIV. P. 56(c).  *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552–53, 91 L. Ed. 2d 265 (1956).  The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex*, 477 U.S. at 323, 106 S. Ct. at 2553.  The non-moving party must come forward with "specific facts showing there is a genuine issue for trial."  FED. R. CIV. P. 56(e).  *See also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S. Ct.

2

1348, 1356, 89 L. Ed. 2d 538 (1986). The court must view all evidence in the light most favorable to the non-movant. *See, e.g., Broussard v. Parish of Orleans*, 318 F.3d 644, 650 (5th Cir. 2003).

If the evidence would permit a reasonable fact finder to find in favor of the non-moving party, summary judgment should not be granted. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). However, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252, 106 S. Ct. 2512. Determining credibility, weighing evidence, and drawing reasonable inferences are left to the trier of fact. *See id.* at 255, 106 S. Ct. at 2513.

## III.  Duty of Defense

The first issue presented in the Parties' Cross-Motions is whether the Wolfes' Petition in the underlying lawsuit alleges an occurrence that took place within the policy period. In its Motion for Summary Judgment, Markel claims that none of the alleged damage occurred within the CGL's policy period. In response, Campise claims that there is no evidence that the allegations contained in the Wolfes' Petition *did not* occur during the relevant policy period.

It is a well-settled principle under Texas law that "[i]f a petition does not allege facts within the scope of coverage, an insurer is not legally required to defend a suit against the insured." *Nat'l Fire Ins. Co. v. Merchants Fast Motor Lines, Inc.*, 939 S.W.2d 139, 141 (Tex. 1997). In making this determination, courts are to apply the "eight corners" rule, which provides that an insurer's duty to defend is determined by the allegations in the underlying pleadings and the language of the insurance policy. *See id.* When applying the eight corners rule, courts are to liberally construe the allegations in favor of the insured, and the facts alleged in the petition are presumed to be true. *See id*; *Heyden*

*Newport Chem. Corp. v. Southern General Ins. Co.*, 387 S.W.2d 22, 24 (Tex. 1965). "An insurer is obligated to defend a lawsuit if the facts alleged in the pleadings give rise to any claim within the coverage of the policy." *Utica Nat'l Ins. Co. of Tex. v. Am. Indem. Co.*, 141 S.W.3d 198, 201 (Tex. 2004). However, a court may not read facts into the pleadings, look outside the pleadings, or speculate as to factual scenarios that might trigger coverage. *See Nat'l Union Fire Ins. Co.*, 939 S.W.2d at 142. Moreover, facts ascertained before the lawsuit began, developed in the course of litigation, or determined by the resolution of the lawsuit do not affect the duty to defend. *See Trinity Universal Ins. Co. v. Cowan*, 945 S.W.2d 819, 829 (Tex. 1997) (citing *Am. Alliance Ins. Co. v. Frito-Lay, Inc.*, 788 S.W.2d 152, 1554 (Tex. App.—Dallas 1990, writ dism'd).

In this case, the petition in the underlying lawsuit fails to allege facts within the scope of coverage. *See Nat'l Fire Ins. Co.*, 939 S.W.2d at 141. The coverage or "policy period" for the CGL was from March 26, 2001 to March 26, 2002. The occurrence(s) giving rise to coverage must have taken place within that period. The Wolfes' Second Amended Petition provides only two dates: (1) it states that the building of the home commenced at some point in the year 2000, and (2) it provides that the Wolfes and Campise entered into a written purchase contract for the house on or about August 15, 2000. The Second Amended Petition fails to allege facts that occurred within the scope of coverage, only events that occurred before the CGL coverage began.[2] Even assuming all of the facts contained in the Wolfes' Petition to be true, as required by the eight corners rule, and construing them as liberally as the law permits, the necessary facts to bring the underlying lawsuit within coverage within the policy period are not present. There is simply too great of a gap between the date

_____

[2]"The duty to defend is determined by consulting the latest amended pleading." *Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 528 (5th Cir. 2004) (citing *Canutillo Indep. Sch. Dist. v. Nat'l Union Fire Ins. Co.*, 99 F.3d 695, 701 (5th Cir. 1996)).

of the written purchase contract and the start of coverage.  The Petition lists approximately twenty problems with the construction of the home, but it fails to allege when those problems occurred or manifested themselves.[3]  The Court cannot speculate or assume that they occurred within the policy period.  Markel is not required to defend the underlying lawsuit.  Markel's Motion for Summary Judgment on this ground is **GRANTED**, and Campise's Motion for Summary Judgment on this ground is **DENIED**.

## IV.  Duty to Indemnify

In its Motion for Summary Judgment, Campise also moved for a declaration that Markel had a duty to indemnify it with respect to the underlying lawsuit.  The resolution of the duty to defend issue is not automatically dispositive of the issue of indemnity.  An insurer's duty to indemnify is distinct and separate from its duty to defend.  *See Quorum Health Resources, LLC v. Maverisk*, 308 F.3d 451, 468 (5th Cir. 2002) (citing *Farmers Tex. County Mut. Ins. v. Griffin*, 955 S.W.2d 81, 82 (Tex. 1997)).  Whereas the duty to defend is based on the pleadings and the policy language, the duty to indemnify arises from the "actual facts that are developed to establish liability in the underlying suit."  *Id.*  In general, "Texas law only considers the duty-to-indemnify question justiciable after the underlying suit is concluded."  *Northfield*, 363 F.3d at 529.  However, "[l]anguage in some cases can be read to indicate that if the live pleading at the time a determination of the duty to indemnify is sought did not trigger the duty to defend, no duty to indemnify can be found."  *Western Alliance Ins. Co. v. Northern Ins. Co. of New York*, 176 F.3d 825, 829 (5th Cir. 1999) (citing *Griffin*, 955 S.W.2d

---

[3]The Court notes that the absence of these relevant dates in Wolfes' Petition is somewhat unusual, and to put it more bluntly, sloppy.  However, the underlying lawsuit is not before this Court, and the Court must take the Petition as it is, which is one that fails to allege an occurrence within the policy period.

5

at 82-83).  *See also Great American Ins. Co. v. Calli Homes, Inc.*, 236 F. Supp. 2d 693, 698 (S.D. Tex. 2002).  For example, if the same basis that negates the duty to defend likewise negates any possible duty to indemnify, then a court may properly consider the issue of indemnity.  *See Northfield*, 363 F.3d at 529; *Griffin*, 955 S.W.2d at 84.

In the instant case, the Court cannot find that the same basis that negated the duty to defend negates any possible duty to indemnify.  Due to the sloppy pleading in the underlying lawsuit, it remains a fundamental mystery when the alleged property damage occurred.  The Wolfes' did not allege property damage within the policy period, therefore, there is no duty to defend.  However, this does not conclusively resolve the issue of indemnification.  Presumably, the conclusion of the underlying lawsuit will clarify when the alleged damage occurred—outside of or within the policy period.  If the alleged damage occurred outside of the policy period, then there is no duty to indemnify.  If the alleged damage actually occurred within the policy period, then there may be a duty to indemnify.  It is impossible at this juncture to make a determination as to indemnification.  Campise's claim for indemnification is not ripe for consideration at this time, and is hereby **DISMISSED WITHOUT PREJUDICE**.

### V.  Conclusions

The Wolfes' Second Amended Petition in the underlying lawsuit fails to allege facts of damages occurring within the CGL's policy period and thus arguably falling within the scope of coverage.  Therefore, Markel is not under any duty to defend the underlying lawsuit.  However, this conclusion is not absolute.  If the Wolfes amend their Petition in state court, and state facts, i.e. dates, alleging damages that occurred during the policy period, an argument *may* be made that the lawsuit now falls within the scope of the policy.  If such circumstances were to arise, Campise should feel

free to seek declaratory relief in this Court, or any other place where relief may be found.  For the reasons stated above, Markel's Motion for Summary Judgment on the issue of duty to defend is hereby **GRANTED**.  Markel International Insurance Company has no obligation to defend Campise Homes, Inc. in the lawsuit styled *Jean-Guy Wolfe and Monique Wolfe v. Campise Homes, Inc.*, No. 03-CV-1824 (405th Judicial Dist. Ct., Galveston County, Tex.).  Campise's Motion for Summary Judgment with respect to the issue of indemnification is **DENIED**, and Campise's claim for indemnification is **DISMISSED WITHOUT PREJUDICE**.  Each  Party is to bear its own taxable costs, expenses, and attorneys' fees incurred herein to date.  A Final Judgment on this and all remaining claims will be issued contemporaneously with this Order.

**IT IS SO ORDERED**.

**DONE** this 6th day of June, 2006, at Galveston, Texas.

Samuel B. Kent
United States District Judge

7